**In the Matter of the Estate**
**of**
**ANTONIO S. N. SAN NICOLAS, deceased**

Civil Action No. 103-A

District Court of Guam

Appellate Division

August 16, 1974

| *Counsel for Appellants:* | ANA S. N. OFECIAR, Administratrix of the Estate of Antonio S. N. San Nicolas, deceased, and Pedro Ofeciar |
| --- | --- |

*Counsel for Appellee:*     FRANCISCA B. SAN NICOLAS, as
Administratrix of the Estate
of Enrique S. San Nicolas,
deceased

Before WILLIAMS, TURNER, and BENSON, *Judges*

PER CURIAM

### OPINION

Both Ana S. N. Ofeciar and Enrique S. San Nicolas are children, heirs, and devisees of Antonio S. N. San Nicolas. Enrique was appointed administrator of his father's estate in 1953. In 1970 his father's will was admitted to probate and Enrique was appointed executor. After the death of Enrique in 1971 Ana was appointed administratrix.

The will devised the middle portion of Lot 94-1, Talofofo to Enrique. This appeal arises out of a hearing on the petition for partial distribution of the appellee seeking distribution of Lot 94-2 (sic), Talofofo to the Estate of Enrique. The appellant Ana S. N. Ofeciar as administratrix objected to the distribution on the grounds that no survey had been made of the assets of the estate, that title to some assets was uncertain, and thus injury to the estate could result from the granting of the petition.

It is apparently uncontested that Ana S. N. Ofeciar and Pedro Ofeciar erected improvements on that portion of Lot 94, Talofofo, which was devised to Enrique.

This appeal arises out of a hearing (extending over several days and including a view of the property by the court) at which by agreement only one issue was litigated. The issue was whether the Ofeciars had made the improvements in good faith and with the express or implied consent of Enrique. The evidence was conflicting.

The court resolved this issue in favor of the Estate of Enrique and the finding is supported by evidence. There is

no basis for this court to say that the finding was clearly erroneous. Section 64 of the Code of Civil Procedure.

Affirmance of this finding does not conclude the matter. Before the trial court is the petition for partial distribution. The trial court should make appropriate findings and conclusions of law, and enter its order as required by Section 1001 of the Probate Code.

Affirmed and remanded to the Superior Court of Guam for further proceedings in accordance with this opinion.